UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MERCEDES PAREDES,

                              Plaintiff,                  **OPINION & ORDER**

    - against -                                                  No. 24-CV-525 (CS)

TESFAST, LLC,

                              Defendant.
---------------------------------------------------------------x

Appearances:

Daniel I. Schlade
Justicia Laboral, LLC
Chicago, Illinois
*Counsel for Plaintiff*

Seibel, J.

        Before the Court is Plaintiff Mercedes Paredes's unopposed motion to enforce a settlement agreement between Plaintiff and Defendant Tesfast, LLC. (ECF No. 64.) For the following reasons, the motion is GRANTED.

**I.    BACKGROUND**

        Plaintiff filed this action on October 17, 2022, alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay her proper wages and overtime compensation. (ECF No. 1 ("Compl.").) On August 1, 2024, the parties notified the Court that they reached a settlement. (*See* Minute Entry dated Aug. 1, 2024.) On October 22, 2024, the parties filed a proposed settlement agreement, seeking the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF No. 60.) The parties filed an amended settlement agreement (the "Settlement Agreement") on October 24, 2024. (ECF No. 62.) Under the Settlement Agreement, Defendant agreed to pay

$6,000 to Plaintiff in six monthly installments of $1,000 each.  (*Id.* ¶ 1.)  The first payment would be due on the first day of the month following the Court's approval of the Agreement, with the remaining payments due on the first day of the five months thereafter.  (*Id.*)  Plaintiff agreed to release Defendant "from any and all claims relating to the Lawsuit or other unpaid wage claims arising from [Plaintiff's] employment at Tesfast, from the beginning of time through the effective date of th[e] Agreement."  (*Id.* ¶ 3(a).)  On October 25, 2024, the Court approved the Settlement Agreement as "fair, reasonable and adequate."  (ECF No. 63 at 3.)  The Court dismissed the action with prejudice "[i]n accordance with the settlement agreement," but "retain[ed] jurisdiction to enforce the settlement agreement."  (*Id.*)

Defendant has not made any payments pursuant to the Settlement Agreement, despite several communications from Plaintiff's counsel requesting compliance.  (ECF No. 64-2; ECF No. 64-3 ("Plaintiff's Aff.") ¶¶ 5-6.)  Consequently, on May 15, 2025, Plaintiff filed the instant motion, seeking reinstatement of the case and an entry of judgment against Defendant in the amount of $6,000.  (ECF No. 64.)  Defendant's deadline to file a response to the motion has passed, (ECF No. 65), and no opposition has been received.

## II.     DISCUSSION

### A.     Jurisdiction

"Actions to enforce settlement agreements are in essence, breach of contract actions governed by state law and do not themselves raise a federal question unless the court that approved the settlement retained jurisdiction."  *Gomez v. Terri Vegetarian LLC*, No. 17-CV-213, 2021 WL 2349509, at *3 (S.D.N.Y. June 9, 2021).[1]  "[T]hus, where a federal suit has already

---

[1] Unless otherwise indicated, case quotations omit internal citations, quotation marks, alterations and footnotes.

been dismissed based on a settlement agreement, and the plaintiff thereafter asks the court to enforce the parties' agreement, the court must first satisfy itself that it has retained ancillary jurisdiction to act." *Romero v. New Blue Flowers Gourmet Corp.*, No. 16-CV-8753, 2021 WL 860986, at *2 (S.D.N.Y. Mar. 8, 2021) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).  To retain ancillary jurisdiction, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order."  *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015).  "[A] district court does not retain jurisdiction to enforce a settlement merely by placing its 'judicial imprimatur' on the parties' settlement, such as by approving the settlement agreement as fair and adequate."  *Melchor v. Eisen & Son Inc.*, No. 15-CV-113, 2016 WL 3443649, at *6 (S.D.N.Y. June 10, 2016) (quoting *Hendrickson*, 791 F.3d at 359).

Here, the Court's order approving the Settlement Agreement expressly provided that the Court "retains jurisdiction to enforce the settlement agreement."  (ECF No. 63 at 3.)  This suffices to retain ancillary jurisdiction.  *See Barbecho v. Matrat LLC*, No. 15-CV-170, 2021 WL 3862662, at *1 (S.D.N.Y. Aug. 30, 2021); *Tendilla v. 1465 Espresso Bar LLC*, No. 18-CV-5991, 2021 WL 2209873, at *2 (S.D.N.Y. June 1, 2021); *Romero*, 2021 WL 860986, at *3; *Cardoso v. Paramount Foods Inc.*, No. 15-CV-7674, 2020 WL 8880943, at *2 (S.D.N.Y. Apr. 30, 2020).  The Court thus proceeds to the merits.

  **B.** <u>**Motion to Enforce**</u>

"A breach of contract claim under New York law has four elements:  (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."  *N.Y. SMSA Ltd. P'ship v. City of Rye*, No. 19-CV-10159, 2022

3

WL 2965981, at *6 (S.D.N.Y. July 27, 2022).[2] "To the extent these elements are satisfied, the court has the authority to force compliance with the terms agreed upon by the parties, whether

---

[2] The Settlement Agreement contains a choice-of-law provision that provides that the Agreement "shall be governed by the laws of the State of Illinois." (ECF No. 62 ¶ 14.) The Court believes, for the reasons set forth below and because the Settlement Agreement misgenders Plaintiff throughout, that that provision is an artifact of a settlement template used by Plaintiff's counsel, who works for a law firm based in Illinois. Regardless, the Court declines to apply Illinois law to the Settlement Agreement.

"The validity of a contractual choice-of-law clause is a threshold question that must be decided not under the law specified in the clause, but under the relevant forum's choice-of-law rules governing the effectiveness of such clauses." *Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 332 (2d Cir. 2005). Because the Court's jurisdiction is based on ancillary jurisdiction, as opposed to diversity jurisdiction, federal common law applies. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006); *cf. DarkPulse, Inc. v. Crown Bridge Partners LLC*, No. 23- 7550, 2024 WL 3872725, at *2 (2d Cir. Aug. 19, 2024) (federal common law applies to validity of choice-of-law clause where jurisdiction is predicated on federal question); *Romero*, 2021 WL 860986, at *3 n.4 (applying federal common law to determine what law applies on motion to enforce settlement agreement). "[W]hen conducting a federal common law choice-of-law analysis, absent guidance from Congress, [the Court] may consult the Restatement (Second) of Conflict of Laws." *Eli Lilly Do Brasil, Ltda. v. Fed. Express Corp.*, 502 F.3d 78, 81 (2d Cir. 2007); *see Lola v. Skadden, Arps, Slate, Meagher & Flom LLP*, 620 F. App'x 37, 42 (2d Cir. 2015) (relying on Restatement (Second) of Conflict of Laws in federal choice-of-law analysis). Under the Restatement (Second) of Conflict of Laws § 187, "[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless . . . the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice." Restatement (Second) of Conflict of Laws § 187(2) (1971).

Here, there is nothing in the record that connects the Settlement Agreement or dispute at issue to Illinois. The Complaint does not allege that the parties are citizens of Illinois, and there is no contention that the underlying violations, the breach of the Settlement Agreement, or any resulting injury from either, occurred in Illinois. The only connection to Illinois is the location of Plaintiff's counsel, which is insufficient to establish a substantial relationship. *Cf. O'Hara v. Cohen-Sanchez*, No. 22-CV-6209, 2025 WL 931282, at *5 (E.D.N.Y. Mar. 27, 2025) (declining to apply choice-of-law provision under New York's choice-of-law rule where the parties were not residents of the chosen state and the acts complained of occurred elsewhere); *Cotiviti, Inc. v. Deagle*, 501 F. Supp. 3d 243, 257 (S.D.N.Y. 2020) (to the same effect). Therefore, the Court declines to apply the choice-of-law provision in the Settlement Agreement.

"The federal common law choice-of-law rule is to apply the law of the jurisdiction having the greatest interest in the litigation." *Lola*, 620 F. App'x at 42. Here, that jurisdiction is New York. The parties are either domiciled or doing business in New York, and the events giving rise to this action, of which the Settlement Agreement disposes, occurred in New York. *See Romero*, 2021 WL 860986, at *3 n.4 (applying New York law on motion to enforce settlement agreement

4

that entails decreeing specific performance, entering a monetary judgment, or fashioning other appropriate relief." *Taxis for All Campaign v. N.Y.C. Taxi & Limousine Comm'n*, No. 11-CV-237, 2024 WL 4007963, at *4 (S.D.N.Y. Aug. 29, 2024).

The elements are met here. The fully executed Settlement Agreement, which the Court approved as fair and reasonable, constitutes a contract. *See Tendilla*, 2021 WL 2209873, at *1 ("Settlement agreements are contracts that, once entered into, are binding and conclusive.") (citing *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007)). Plaintiff fulfilled her obligation under the Settlement Agreement by consenting to dismissal of this action with prejudice. The record demonstrates that Defendant breached the Settlement Agreement by failing to remit any payments to Plaintiff. (*See* Plaintiff's Aff. ¶¶ 5-6.) Finally, Plaintiff has been injured in the amount of $6,000, the total amount due under the Settlement Agreement. (*See id.* ¶ 6; ECF No. 62 ¶ 1.) Accordingly, Defendant is in breach of the Settlement Agreement, and Plaintiff is entitled to judgment in the full amount owed. *See Shanghai Shenda II LLC v. Feinstein*, No. 20-CV-7415, 2023 WL 3479698, at *1 (S.D.N.Y. May 16, 2023) (granting motion to enforce settlement agreement where defendant failed to satisfy payment obligations); *Gomez*, 2021 WL 2349509, at *3-4 (same).

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to enforce the Settlement Agreement is GRANTED. The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiff in the amount of $6,000, and to terminate the pending motion, (ECF No. 64).

---

where parties were either domiciled or doing business in New York and underlying events of the suit occurred in New York). Accordingly, the Court applies New York law to the instant motion.

I note, however, that the outcome would likely be the same under Illinois law. *See Smart Oil, LLC v. DW Mazel, LLC*, 970 F.3d 856, 861 (7th Cir. 2020) (elements for breach of contract under Illinois law same as elements under New York law).

**SO ORDERED.**

Dated: September 19, 2025
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.